(September 28, 1914.)

## MRS. A. E. RASMUSSEN, Respondent, v. MARTIN SILK, Appellant.

[143 Pac. 525.]

INJUNCTION—PUBLIC HIGHWAY—VACATION OF—ESTABLISHMENT OF.

1. Where a public highway has run diagonally across a 40-acre tract owned by plaintiff, and the proper authorities have established a new highway along the line of said 40-acre tract, at the instance and request of the owner, and vacated the "diagonal road," conditioned on the plaintiff's placing the newly established highway in a good and passable condition as a public highway, the public has a right to travel the "diagonal road" until such condition is complied with, and the vacation of such "diagonal road" does not take place until the new highway is placed in proper condition.

APPEAL from the District Court of the Fourth Judicial District for Gooding County. Hon. C. O. Stockslager, Judge.

Action to enjoin the defendant from traveling upon a certain road that had been conditionally vacated. Judgment

granting the defendant the right to travel upon the "diagonal road" until the newly established road is put in proper condition. *Affirmed.*

Martin Silk, *pro se,* cites no authorities.

A. F. James, for Respondent.

The vacation of highways is not a taking of property for which compensation must be made. (*Swift v. Santa Barbara County,* 16 Cal. App. 72, 116 Pac. 317; *Levee Dist. v. Farmer,* 101 Cal. 178, 35 Pac. 569, 23 L. R. A. 388; *State v. Deer Lodge County,* 19 Mont. 582, 49 Pac. 147.)

SULLIVAN, C. J.—This action was brought to enjoin and restrain the defendant from traveling a certain highway or road passing diagonally across a 40-acre tract of land owned by the plaintiff, and a qualified injunction was granted. The appeal is from the judgment granting such injunction.

It appears from the record that the plaintiff and defendant own adjoining tracts of land, and a highway or road designated in the record as a "diagonal road" runs across a 40-acre tract owned by the plaintiff; that the plaintiff desired to have said highway or road vacated and a highway or road placed on the line of the legal subdivisions owned by the parties, and that on the 20th day of March, 1913, the plaintiff, defendant and others petitioned the board of highway commissioners of the Gooding Highway District for the establishment of a highway on the line between the land of the parties, as above stated, which road was to be located wholly upon the land owned by the plaintiff. It is alleged in the complaint that the plaintiff did by deed. of dedication convey and dedicate to the said highway district said strip of land for said road, and that the board of highway commissioners thereafter at a regular meeting established a public highway on and over the land so dedicated, and vacated said "diagonal road" and closed the same from travel of any kind. It is also alleged that immediately thereafter the said board of highway commissioners, acting by and through their road director, opened

to public travel and traffic the aforesaid strip of land so conveyed and dedicated to the said highway district, and worked the same, making it suitable for travel and use as a highway.

It is also alleged that the defendant repeatedly tore down the plaintiff's fences placed across said "diagonal road" after said highway board had declared the same closed.

The defendant answered, admitting some of the allegations of the complaint, but denied that the highway as accepted and laid out by the highway commissioners had been put in a suitable condition to travel by the plaintiff, who had promised to put said new highway in a passable and fit condition for general highway purposes, and that the time for the abandonment of said "diagonal road" was contingent on the plaintiff's giving possession of said strip of land and putting it in a safe, fit and passable condition for public use.

The court after hearing the case and hearing the statement made by the defendant, granted a qualified injunction against the defendant's interfering with the plaintiff's fences placed across said "diagonal road," which injunction provided, however, "that a certain highway laid out by the Gooding Highway District adjoining and between plaintiff's and defendant's aforesaid land [here follows a description of the land] shall be made passable and fit for public travel for highway purposes and as suitable for the same as the aforesaid 'diagonal road,' and provided, further, that in case the removal of plaintiff's ditch in the aforesaid highway be necessary to make such highway suitable and fit for highway purposes, then the plaintiff shall remove such portion or portions as may be necessary for the same," etc.

It is evident from said decision or judgment of the court that the defendant is granted the right to travel said "diagonal road" until the new road is put in a fit and suitable condition for public travel. We think that fully protects the rights of the defendant. Under that judgment he has a right to remove any obstructions placed across the "diagonal road" and to travel it as a public highway until said new highway is put in a fit and passable condition for travel. Under the provisions of said injunctive judgment,

the defendant is not enjoined from traveling said "diagonal road," and has the absolute right to travel the same until the plaintiff puts the new road in a suitable condition for public travel. It therefore devolves upon the plaintiff to place the new highway in a suitable condition for travel before she can enforce said injunction against the defendant and prevent him from traveling said "diagonal road."

The judgment is affirmed, with costs in favor of the respondent.

Truitt, J., concurs.